IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| LAKEISHA D. SELDON ) | |
| ) | Case No. 16-33200-KRH |
| Debtor. ) | |

-------------------------------------------------------------------------------------------------------------------

| | |
|---|---|
| VANDERBILT MORTGAGE AND ) | |
| FINANCE, INC., as successor Servicing Agent ) | |
| for The Bank of New York Mellon, as Trustee ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | **NOTICE OF MOTION and** |
| ) | **MOTION FOR RELIEF** |
| LAKEISHA D. SELDON ) | **FROM STAY** |
| a/k/a Lakeisha D. Palmer ) | |
| 214 Hazard Road ) | |
| Heathsville, Virginia 22473 ) | |
| ) | |
| and ) | |
| ) | |
| CARL M. BATES, TRUSTEE ) | |
| P.O. Box 1819 ) | |
| Richmond, Virginia 23218 ) | |
| ) | |
| Respondents. ) | |
| ) | |
| ALSO SERVE: ) | |
| ) | |
| PIA J. NORTH, ESQ. ) | |
| North Law ) | |
| 5913 Harbour Park Drive ) | |
| Midlothian, Virginia 23112 ) | |

WOODS ROGERS PLC
ATTORNEYS AT LAW

*Richard C. Maxwell, Esq. (VSB #23554)*
*Woods Rogers PLC*
*P.O. Box 14125*
*Roanoke, VA 24038-4125*
*Telephone: 540-983-7600*
*Facsimile: 540-983-7711*
*Email: rmaxwell@woodsrogers.com*
  *Counsel for Movant*

*{#1941262-1, 107217-01062-01}*

## NOTICE OF MOTION AND HEARING

*Your rights may be affected.*  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).

If you do not wish the Court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then within 14 days from the date of service of this motion, you must file a written response explaining your position with the Court and serve a copy on the movant.  Unless a written response is filed and served within this 14-day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the expiration of the 14-day period.

A preliminary hearing is scheduled to be held on **August 24, 2016 at 11:00 a.m.** in Courtroom 5000, United States Bankruptcy Court, 701 East Broad Street, Richmond, Virginia.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

## MOTION FOR RELIEF FROM STAY

COMES NOW, Vanderbilt Mortgage and Finance, Inc., as Successor Servicing Agent to Oakwood Acceptance Corporation, LLC, former Servicing Agent for The Bank of New York Mellon, as Trustee, for a certain securitization trust ("Movant "), by counsel, and respectfully requests that the automatic stay provisions of 11 U.S.C. Section 362 be rescinded and for its reasons states as follows:

1. The United States Bankruptcy Court for the Eastern District of Virginia has jurisdiction over this Motion for Relief from Stay pursuant to 11 U.S.C. Section 362, 28 U.S.C. Section 1334, 28 U.S.C. Section 157(a) and Rules of Bankruptcy Procedure 4001 and 9014.

2. On February 17, 2001, Lakeisha D. Palmer, now known as Lakeisha D. Seldon ("Debtor") and Shawn A. Palmer ("Co-Debtor") entered into a Manufactured Home

   Retail Installment Contract in the principal amount of $34,564.68 ("Contract") for the purchase of a 2001 Oakwood Mobile Home, Manufacturer's Serial No. HONC07713975AB ("Mobile Home"). Movant is the servicer of the Contract. A copy of the Contract is attached as **Exhibit A**.

3. Movant perfected its security interest in the Mobile Home by noting the security interest on the face of the Certificate of Title to the Mobile Home. A copy of the Certificate of Title to the Mobile Home is attached as **Exhibit B**.

4. Debtor filed her fifth petition pursuant to Chapter 13, Title 11 of the United States Code on June 28, 2016.

5. Debtor has filed four prior petitions (Case Nos. 07-34795, 10-37754, 12-35520, and 15-31425) and each case was dismissed for the Debtor's failure to make plan payments. Case No. 15-31425 was filed on the very same day Case No. 12-35520 was dismissed. The current case was filed four days after Case No. 15-31425 was dismissed.

6. The Debtor's proposed Chapter 13 Plan states the debt to Movant will be crammed down and paid through the Chapter 13 Plan by the Trustee.

7. The Debtor has not made any payments to Movant since October 2013.

8. As of the filing of the current petition, Debtor was in default to Movant for a total of $13,416.46.

9. The Debtor is not in a financial position to cure the default amounts due to Movant.

10. The Mobile Home is not necessary for a successful reorganization of the Debtor.

11. The payoff on the Mobile Home as of July 7, 2016 was $29,118.68.

12. The value of the Mobile Home according to the Debtor's Schedules is $25,000.00.

WOODS ROGERS PLC
ATTORNEYS AT LAW

*{#1941262-1, 107217-01062-01}*

3

13. Debtor's actions evidence a lack of good faith and an ability to manipulate the bankruptcy system.

14. The filing of multiple bankruptcy petitions is part of a scheme to delay, hinder, and defraud creditors that involved multiple bankruptcy filings affecting the Mobile Home.

15. Failure to lift the stay and allow Movant to take possession of the Mobile Home will result in irreparable harm, loss and damage to Movant.

WHEREFORE, pursuant to 11 U.S.C. Section 362(d)(1) and (4), Movant respectfully requests that the automatic stay in effect pursuant 11 U.S.C. Section 362 be terminated as to it in order that it may protect its interests and that such relief shall be binding in any other case under the Bankruptcy Code with respect to the Mobile Home for two years, and for such other and further relief as is just.

> VANDERBILT MORTGAGE AND
> FINANCE, INC., as Successor Servicing Agent to
> The Bank of New York Mellon, as Trustee
>
> By: /s/ Richard C. Maxwell
>     Of Counsel

Richard C. Maxwell, Esq. (VSB #23554)
Woods Rogers PLC
P.O. Box 14125
Roanoke, VA 24038-4125
Telephone: 540-983-7600
Facsimile: 540-983-7711
Email: rmaxwell@woodsrogers.com
   *Counsel for Movant*

WOODS ROGERS PLC
ATTORNEYS AT LAW

4

*{#1941262-1, 107217-01062-01}*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19\ th day of July, 2016, the foregoing was filed electronically with the U.S. Bankruptcy Court, was served electronically on those parties who are CM/ECF participants, and was served by U.S. Postal Service on those parties who are non-CM/ECF participants. The foregoing was served on:

Lakeisha D. Seldon
214 Hazard Road
Heathsville, VA 22473

Pia J. North, Esq.
North Law
5913 Harbour Park Drive
Midlothian, VA 23112

Carl M. Bates, Trustee
P.O. Box 1819
Richmond, VA 23218

/s/  Richard C. Maxwell

| MANUFACTURED HOME RETAIL INSTALLMENT CONTRACT VIRGINIA | Seller OAKWOOD MOBILE HOMES INC. DBA OAKWOOD HOMES |
|---|---|
| No. Date 02/17/2001 | PO BOX 1409 RT 17 & 360 SOUTH TAPPAHANNOCK VA 22560- "We" and "us" mean the Seller above, its successors and assigns. |

Buyer
SHAWN A PALMER
LAKEISHA D PALMER

P O BOX 91
WICOMICO CHURCH VA 22579-
"You" and "your" mean each Buyer above, and guarantor, separately and together.

SALE: You agree to purchase from us the manufactured home described below, together with the related services furnishings, appliances, and accessories listed below (together referred to as "Manufactured Home"). Your purchase of the Manufactured Home is subject to the terms of this Contract. "Contract" means this document and any separate document that secures this Contract.

| Manufacturer OAKWOOD | Model Name & Number OAKWOOD 1767 | | | Year 2001 |
|---|---|---|---|---|
| Serial Number HONC07713975 AB | Length 56 | Width 28 | Color CREAM | [X] New [ ] Used |

Services, furnishings, equipment, appliances, and accessories include:

[ ] Tires and Wheels [ ] Axles [X] Refrigerator_____ [X] Oven/Range_____
[ ] Washer_____ [ ] Dryer_____ [X] A/C Unit(s)_____
[ ] Awning(s)_____ [X] Skirting [ ] Accessory Shed_____
[ ] Services_____
[ ] Other_____

Location of Manufactured Home after delivery to Buyer: BOX 91
WICOMICO CH VA 22579-

Description of Trade-In:

SECURITY: To secure your payment and performance under the terms of this Contract, you give us a security interest in the Manufactured Home (as defined above) and, unless prohibited by law, all present and future accessions to the Manufactured Home (except that accessions will not include "household goods" as defined in the FTC Credit Practices Rule, 16 C.F.R. 444, if we do not finance the purchase of such household goods) and all proceeds, products, and benefits from it.

[ ] This Contract is also secured by a separate mortgage or deed of trust dated _____, on real estate, as shown in the TRUTH IN LENDING DISCLOSURES.
The term "Property" means all property securing this Contract.

PROMISE TO PAY AND PAYMENT TERMS: You promise to pay us the principal amount of $ 34564.68 , plus interest on the unpaid balance at the rate(s) of 13.75% _____ per year until the final scheduled payment date. Interest will begin to accrue 30 days prior to the first payment due date and will accrue on a 360/360 day basis. After the final scheduled payment date, or after you default and we demand payment, we will earn interest on the unpaid principal balance at the rate of 13.75 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms of this Contract. A late charge, if provided in the TRUTH IN LENDING DISCLOSURES, will be imposed only once on a late payment. A late charge will not be collected on the final scheduled payment, but interest will continue to accrue at the applicable contract rate.

[ ] ADDITIONAL FINANCE CHARGE: You agree to pay an additional, nonrefundable finance charge of $ _____ that will be [ ] paid in cash. [X] financed (see ITEMIZATION OF AMOUNT FINANCED). [ ] portion paid in cash, portion financed.

DOWN PAYMENT: You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED.

[ ] ESCROW: An escrow account for taxes and property insurance, or other purposes, will not be established unless this block is marked. If this block is marked and an escrow account established, it will be governed by a separate agreement.

VIRGINIA MANUFACTURED HOME RETAIL INSTALLMENT CONTRACT
© 1996 Bankers Systems, Inc., St. Cloud, MN Form OAK-RSSIMHVA 10/99

Original Document

**EXHIBIT A**

MANUFACTURED HOMES - NOT FOR MODULAR HOMES
Initials: S.A.P. L.D.P. (page 1 of 8)

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $11000.00 |
|---|---|---|---|---|
| 13.7500 % | $88268.49 | $34564.68 | $122833.17 | $133833.17 |

Payment Schedule: Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 299 | 409.48 | Monthly, beginning 04/01/2001 |
| 1 | 398.65 | Due on 03/01/2026 |

Security: You are giving a security interest in the goods or property being purchased.
☐ You are giving a security interest in the real property at _____

☒ Late Charge: If a payment is more than 15 days late, you will be charged the lesser of 5% of the amount of the installment or $5.00

Prepayment: If you pay off this Contract early, you will not have to pay a penalty.
If you pay off this Contract early, you will not be entitled to a refund of part of the Additional Finance Charge.

ASSUMPTION: Someone buying your Manufactured Home ☐ may subject to conditions be allowed to ☒ cannot assume this Contract on its original terms.

Contract Provisions: You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.    "e" means an estimate

CREDIT LIFE INSURANCE: Credit life insurance is not required to obtain credit and we will not provide it unless you sign and agree to pay the additional premium. If you want credit life insurance, you may purchase or provide it through any insurance company that you choose. If you want such insurance, you may also attempt to purchase it through us (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase through us.

Credit Life: Insured SHAWN A PALMER

☒ Single ☐ Joint  Premium $730.71  Term 36 months
Your signature below means you want the insurance coverage(s) at the premium quoted above. If none are quoted, you have declined any coverages we offered.

_Shawn A. Palmer_                    _Lakeisha D. Palmer_
Buyer                d/o/b        Buyer                d/o/b

PROPERTY INSURANCE: You are required to insure the Property securing this Contract in an amount equal to the lesser of your principal balance or the value of the Property. You may purchase or provide the insurance through any insurance company of your choice. We may refuse to accept for reasonable cause an insurance company chosen by you. If you purchase insurance through us, such insurance may contain coverages in addition to those required and you should study the coverages carefully to determine what is appropriate for you. We are quoting below ONLY the coverages you have chosen to purchase.

$ 364.00 for a term of 1 years.

Liability insurance coverage for bodily injury and/or property damage caused to others is NOT included in this Contract unless checked and indicated below.

☒ The following liability insurance is included in this coverage:
personal liability, medical payments, damage to property of others

Your signature below means you want to purchase the insurance through us at the price quoted above.

_Shawn A. Palmer_                    _Lakeisha D. Palmer_
Buyer                                Buyer

☒ BUYER PROTECTION/SERVICE PLAN: By signing below, you have elected to purchase a buyer protection or service plan ("Plan") provided by American Bankers Insurance Company
The Plan will be in effect for 5 year(s) _____ from the date of this Contract at a cost of $ 470.00
See the Plan documents for details. Such Plan is not required and is not a condition of credit.
Your signature below means you want the Plan quoted above.

_Shawn A. Palmer_                    _Lakeisha D. Palmer_
Buyer                                Buyer

© 1996 Bankers Systems, Inc., St. Cloud, MN Form OAK-RSSIMHVA 10/99

Original Document

MANUFACTURED HOMES - NOT FOR MODULAR HOMES
Initials: S.A.P  L.D.P              (page 2 of 6)

## ITEMIZATION OF AMOUNT FINANCED

Manufactured Home Price                                         $ 43979.97
    (including sales tax of $ 1280.97)
Buyer Protection/Service Plan, Paid to:*                        $   470.00
American Bankers Insurance
                                          1. Cash Price  $ 44449.97

Dealer's/Manufacturer's Rebate  $ _____
Cash Down Payment               $ 11000.00
              2. Subtotal       $ 11000.00
Trade-In Allowance              $ _____
Less: Amount Owing              $ _____
To: _____
           3. Net Trade-In      $ _____
       4. Total Down Payment (line 2 plus line 3)     $ 11000.00
       5. Unpaid Balance of Cash Price (line 1 minus line 4)  $ 33449.97

Fees Paid to Others:
Paid to Public Officials - Filing Fees Only              $ _____
Paid to Public Officials - Other than Filing Fees        $   20.00
Insurance Premiums*                                      $ 1094.71
   (To: American Bankers Insurance Company  )
   (To: American Bankers Insurance Company  )
   (To: _____ )
   (To: _____ )
Paid to Seller - Additional Finance Charges              $ _____
Paid to: _____                                         $ _____
                                                         $ _____
Paid to: _____                                         $ _____
                                                         $ _____
       6. Subtotal (line 5 plus all Fees Paid to Others) $ 34564.68
       7. Prepaid Finance Charges                        $ _____
       Amount Financed (line 6 minus line 7)             $ 34564.68

* We may retain or receive a portion of this amount.

### NOTICE TO BUYER

(1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this agreement. (3) Under the law, you have the right to pay off in advance the full amount due without penalty.

BY SIGNING BELOW, BUYER AGREES TO THE TERMS ON ALL 6 PAGES OF THIS CONTRACT, AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

Buyer(s):
X _Shawn A. Palmer_ (Seal) 2-17-2001   X _LaKeisha Palmer_ (Seal) 2-17-2001
  Signature                    Date        Signature                 Date
X _____ (Seal) _____                X _____ (Seal) _____
  Signature          Date                   Signature          Date

SELLER'S SIGNATURE:
X _____ Name and Title  G Edward Webb III (MLR)

ASSIGNMENT: This Contract is assigned to Assignee (identify):
Oakwood Acceptance Corporation

7800 McCloud Rd
PO Box 27081
Greensboro NC 27425-7081

This assignment is made [X] under the terms of a separate agreement. [ ] under the terms of the ASSIGNMENT BY SELLER section in this Contract. [ ] This assignment is made with recourse.

Seller: By _Oakwood Homes_                                   Date 2-17-01
Name and Title _____ (MLR)

© 1996 Bankers Systems, Inc., St. Cloud, MN  Form OAK-RSSMHVA 10/99       MANUFACTURED HOMES - NOT FOR MODULAR HOMES
                                    Original Document                     Initials: SAP  LDP   (page 5 of 8)

## ADDITIONAL TERMS OF THIS CONTRACT

**GENERAL TERMS:** You agree to purchase the Manufactured Home over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record. You also agree that we may collect interest on a monthly amortization of principal and interest basis and not on the basis of daily simple interest accruing from the date of last payment made. You further agree that your purchase of the Manufactured Home is for a personal, family or household purpose.

The law of Virginia will govern this transaction. It is also governed by applicable federal law and regulations, including the preemption of state usury laws. The federal Alternative Mortgage Transactions Parity Act may also apply.

We do not intend to charge or collect any interest or fee that is more than the applicable law allows. If we charge or collect any amount over what the law allows, we will apply the excess first to the principal balance, and we will refund any excess if you have paid this Contract in full.

If any provision of this Contract is not enforceable, this Contract will remain enforceable without such provision. If we agree with you to any exceptions to the promises or assurances in this printed Contract, such agreement must be in writing and signed by us.

Refund of any amount included in the Amount Financed will be credited to your account.

**BALLOON PAYMENT:** If any payment (other than a down payment) is more than 10% greater than the regular or recurring installment payments, then you may have the right to refinance such payment. This right and the conditions under which it exists are explained in Va. Code Ann. Section 6.1-330.90.

**PREPAYMENT:** YOU MAY PREPAY THIS CONTRACT IN FULL OR IN PART AT ANY TIME WITHOUT PENALTY. Any partial prepayment will not excuse any later scheduled payments until you pay in full.

**ADDITIONAL SECURITY:** You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest, real estate mortgage, or deed of trust in the Property you agree to the following:

A. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property valid.
B. The security interest you are giving us in the Property comes ahead of the claim of any other creditor except as agreed to in writing by us. You agree to sign any additional documents or provide us with any additional information we may require to keep the priority of our claim to the Property. You will not do anything to change our interest in the Property.
C. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Manufactured Home will be located at the "Location of Manufactured Home after delivery to Buyer" provided in this Contract.
D. You will not try to sell or transfer any rights in the Property without our prior written consent.
E. The Manufactured Home will remain personal property until this Contract is paid in full whether or not it is attached to the real estate. Unless we give you prior written consent, you will not allow the Manufactured Home to become a part of real estate or to otherwise lose its treatment as personal property under applicable law.
F. You will pay all taxes, fees, expenses, and assessments on the Property when due.
G. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

A. You fail to make a payment when it is due.
B. You fail to perform any obligation that you have undertaken in this Contract (which includes doing something you have agreed not to do).
C. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs, attorneys' fees, and fees for repossession, repair, storage, and sale of the Property securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**NOTICE OF DEFAULT:** If you are in default, we will send you a Notice of Default and Notice of Right to Cure Default ("Notice") when required by law. The Notice will explain why you are in default and how you can cure it. We will not accelerate the unpaid balance of this Contract, repossess or foreclose on any Property until after we send you the Notice and any cure period it describes has passed. We may not be required to send you a Notice if (1) you have abandoned the Manufactured Home, (2) you received two Notices in the prior one-year period, or (3) other extreme circumstances exist.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law, this Contract, and any separate personal property security agreement, real estate mortgage, or deed of trust. Before using a remedy, we will send you any notice and wait for any cure period that the law may require for that remedy. We may not exercise our rights to accelerate payment or repossess any Property because of your late payment or nonpayment of an installment if you make the payment (together with any agreed late charge) within 10 days of the date on which the installment was due. Our remedies include the following:

A. We may require you to immediately pay us, subject to any refund required by law, the entire principal balance, plus earned interest and all other agreed charges.
B. We may, but are not required to, pay taxes, fees, expenses, assessments, or other liens or make repairs to the Property if you have not done so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn interest from the date paid at the rate(s) described in the PROMISE TO PAY AND PAYMENT TERMS section. We may require that you establish and fund an escrow account if one is not already required.
C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
D. We may immediately take possession of the Property by legal process or self-help, if we do so lawfully. We shall have all the rights and remedies of a secured party under the applicable Uniform Commercial Code. We may sell the Property and apply what we receive first to our reasonable expenses and other indebtedness secured by the Property

© 1995 Bankers Systems, Inc., St. Cloud, MN  Form OAK-RSSIMHVA 10/99

Original Document                                    Initials: SRP  LDP              (page 4 of 8)

as permitted by the applicable Uniform Commercial Code. Such reasonable expenses shall, without limitation, include expenses incurred in retaking, holding, preparing for sale and the like, and our reasonable attorneys' fees, legal expenses and other permitted costs we may incur. Expenses incurred to prepare the Property for sale shall include the repairing or placing of the Property in such condition as is reasonably necessary to resell the Property for dwelling purposes.

E. Except when prohibited by law, we may sue you for additional amounts if the sale proceeds do not pay all you owe us.

Paragraphs C. and D. (above) apply only to personal property security interest. If this Contract is secured by a mortgage or deed of trust, then the foreclosure of such interest may impose other duties and limitation on our rights and remedies as provided by law and the mortgage or deed of trust.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. If we do not act on an event of default, we do not give up our right to later treat that type of event as a default.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law). When real estate is the security, other rules may apply.

In addition to our rights as a secured party under the Uniform Commercial Code, we shall have the right to collect from you, unless prohibited or limited by state law, our attorneys' fees and costs incurred in collecting any amount due us.

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

If the U.S. Department of Housing and Urban Development insures this Contract under its Title 1 Property Improvement and Manufactured Home Regulations, our right to make you pay off this entire Contract is subject to the limitations of those regulations.

**INSURANCE:** You agree to buy insurance on the Property with the types and amounts of coverage indicated in the PROPERTY INSURANCE section, or as we otherwise lawfully require. You must name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. If insurance proceeds paid to us do not pay off this Contract, you are responsible for the balance. You will keep the insurance in effect until this Contract is paid in full. If the premium for property insurance is included in the Amount Financed and the insurance is canceled or terminated before this Contract is paid in full, then you agree to give us any premium refund or rebate that you receive. We will credit the refund or rebate to the amount you owe us. We may, at our option, allow you to use the refund or rebate to help pay for replacement insurance that you purchase.

If you do not keep these promises, we may buy insurance to protect our interest in the Property. The insurance we buy may include coverages beyond those we require you to buy and may be from a company you might not choose. The rate we pay may be higher than a rate you might have to pay if you buy it yourself. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn interest from the date paid at the applicable contract rate(s).

**OBLIGATIONS INDEPENDENT:** Each of you who signs this Contract is independently responsible to pay it and to keep the other promises made in this Contract. This is true even if:
  A. Someone else has also signed it.
  B. We release or do not try to collect from another who is also responsible to pay this Contract.
  C. We release any security or do not try to take back any Property.
  D. We give up any other rights we may have.
  E. We extend new credit or renew this Contract.

**WARRANTIES:** We will provide any warranty information to you separately.

EXCLUSION OF WARRANTIES: TO THE EXTENT PERMITTED BY APPLICABLE LAW, SELLER HEREBY EXCLUDES AND DISCLAIMS ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. You do not give up any rights that are provided in this Contract (for example, see the NOTICE OF DEFAULT section). Unless the law or this Contract provide otherwise, we are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time, or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.

To the extent permitted by law, you waive the benefit of your homestead and personal property exemption as to this obligation. Your waiver applies only to the Property securing the payment of this obligation.

GUARANTEE: You guarantee the payment of this Contract. You also agree that all the other terms of the Contract will apply to you.

Name_____ Signature_____

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

© 1996 Bankers Systems, Inc., St. Cloud, MN Form OAK-RSSIMHVA 10/99

Original Document                                Initials: SAP  LDP                (page 8 of 8)

**ASSIGNMENT BY SELLER:**

**WITH RECOURSE:** If this Assignment is made "with recourse" as indicated in the ASSIGNMENT section of this Contract, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including interest and any other charges, due at that time.

**Disbursement Date:** _____ (This date is for Title 1 HUD insurance purposes and may be completed after the Contract is signed to reflect the actual disbursement date, and not any estimated disbursement date. It may appear only on the original form.)

© 1995 Bankers Systems, Inc., St. Cloud, MN Form OAK-RSCIMHVA 10/99

Original Document

Initials: SAP LDP

(page 6 of 6)

# COMMONWEALTH OF VIRGINIA
## DEPARTMENT OF MOTOR VEHICLES

## CERTIFICATE OF TITLE FOR A VEHICLE
### KEEP IN SAFE PLACE - ANY ALTERATION OR ERASURE VOIDS THIS TITLE

THE DEPARTMENT OF MOTOR VEHICLES, COMMONWEALTH OF VIRGINIA, HEREBY CERTIFIES THAT AN APPLICATION FOR A CERTIFICATE OF TITLE HAS BEEN MADE FOR THE VEHICLE DESCRIBED HEREON PURSUANT TO THE PROVISIONS OF THE MOTOR VEHICLE LAWS OF THIS COMMONWEALTH, THAT THE APPLICANT NAMED ON THE FACE HEREON HAS BEEN DULY RECORDED AS THE LAWFUL OWNER OF SAID VEHICLE, AND THAT, FROM THE STATEMENTS OF THE OWNER AND THE RECORDS ON FILE WITH THIS DEPARTMENT, THE HEREON DESCRIBED VEHICLE IS SUBJECT TO THE SECURITY INTEREST RECORDS ON FILE WITH THIS DEPARTMENT, AND AS DESCRIBED HEREON IF ANY. THE MOTOR VEHICLE LAWS OF THIS COMMONWEALTH ALSO PROVIDE THAT ALL TITLE AND REGISTRATION INFORMATION IN THE OFFICE OF THE DEPARTMENT OF MOTOR VEHICLES IS PRIVILEGED AND ONLY SUBJECT TO DISSEMINATION TO AUTHORIZED AGENCIES, BUSINESS ORGANIZATIONS OR AGENTS, GOVERNMENTAL ENTITIES AND INDIVIDUALS UNDER THE CONDITIONS SPECIFIED BY MOTOR VEHICLE CODE SECTIONS 46.2-208, 46.2-209 AND 46.2-210.

211  021121  SUBSTITUTE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | VEHICLE BODY | TITLE NO. |
|---|---|---|---|---|
| HONC07713975AB | 2001 | OAKWOOD | MANUF HOME | 91243839 |

| EMPTY WGT. | GROSS WGT. | GVWR | GCWR | AXLES | FUEL | SALES TAX PAID | ODOMETER | DATE ISSUED |
|---|---|---|---|---|---|---|---|---|
| 40700 | | | | 2 | NONP | 1280.97 | *NOT APPLY | 04/03/01 |

OTHER PERTINENT DATA: 090001

ODOMETER BRAND  PRIOR TITLE NO.

THIS IS NOT A TITLE NUMBER

Lienholder name(s) and address(es):
OAKWOOD ACCEPTANCE CORP
PO BOX 7346
GREENSBORO NC 27417

F 74 34 723

**LIEN RELEASE** — INTEREST IN THE ABOVE DESCRIBED VEHICLE IS HEREBY RELEASED
By _____
TITLE _____ DATE _____

Name(s) and address(es) of vehicle owners:
PALMER, SHAWN ANTHONEY
PALMER, LAKEISHA DANIELLE
1050 KINGS ROW COURT
VIRGINIA BEACH VA 23452-6933

DOUBLEWIDE

**A** Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment. The undersigned hereby certifies that the vehicle described in this title has been transferred to the following (printed name and address of Buyer(s).

Buyer(s) Name _____
Street _____  City, State, Zip _____
DATE OF SALE _____  SALE PRICE _____

ODOMETER READING (No Tenths) _____  I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.  ☐ 2. The odometer reading is not the actual mileage.  WARNING-ODOMETER DISCREPANCY

Signature of Seller(s) _____  Printed Name of Seller(s) _____

Signature of Buyer(s) _____  Printed Name of Buyer(s) _____
I am aware of the above odometer certification made by the Seller(s)

I am aware of the above odometer certification made by the Seller(s)
⇓ DETACH HERE ⇓  Dealer's No. _____  Licensing Jurisdiction _____

VOID IF ALTERED

EXHIBIT B